Davidoff v Davidoff (2022 NY Slip Op 05835)

Davidoff v Davidoff

2022 NY Slip Op 05835

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2019-09619
 (Index No. 61571/18)

[*1]Stefanie Davidoff, respondent,
v
Jonathan Davidoff, appellant.

Davidoff Law Firm, PLLC (Caitlin Robin & Associates, PLLC, New York, NY [Kevin Volkommer], of counsel), for appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of Supreme Court, Westchester County (David F. Everett, J.), dated June 5, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was for permission to sell certain personal property pendente lite.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2018, the plaintiff commenced this action for a divorce and ancillary relief. In October 2018, the defendant moved, inter alia, for permission to sell a portion of the parties' wine collection pendente lite in order to pay marital debt and expenses. In an order dated June 5, 2019, the Supreme Court, inter alia, denied that branch of the motion. The defendant appeals.
Domestic Relations Law § 236 was amended in 2009 "to provide upon commencement of a divorce action for automatic orders restraining the parties from transferring or disposing of marital assets, without written consent of the other party or consent of the court" (El-Dehdan v El-Dehdan, 26 NY3d 19, 33 n 3). "The express purpose of the automatic orders is to preserve the status quo of property individually or jointly held by the parties, by prohibiting the transfer or encumbrance of real and personal property and retirement funds, the accumulation of unreasonable debt, and changes in beneficiaries on existing health and life insurance policies during the pendency of the action" (Spencer v Spencer, 159 AD3d 174, 181).
Domestic Relations Law § 236(B)(2)(b)(1) provides, in pertinent part, that during the pendency of a matrimonial action, "neither party shall sell . . . or in any way dispose of, without . . . consent of the other party in writing, or by order of the court, any property (including . . . personal property . . . ) individually or jointly held by the parties, except in the usual course of business, for customary and usual household expenses or for reasonable attorney's fees in connection with this action."
Here, the record supports the Supreme Court's determination to deny that branch of the defendant's motion which was for permission to sell a portion of the parties' wine collection pendente lite in order to pay marital debt and expenses. The parties' affidavits submitted in connection with the motion reflected factual disputes regarding, inter alia, the size and estimated value of the wine collection, the parties' past course of conduct during the marriage with respect to [*2]sales from the wine collection, and the parties' respective alleged irresponsibility or responsibility with regard to household finances. In light of these factual disputes, denial of the subject branch of the motion was appropriate and in keeping with the statutory purposes of Domestic Relations Law § 236(B)(2)(b)(1), to preserve the status quo and to ensure that neither party would be prejudiced by the potential "unilateral dissipation of marital assets" (El-Dehdan v El-Dehdan, 26 NY3d at 33 n 3; see Spencer v Spencer, 159 AD3d at 181).
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court